## WALKER, Plaintiff-Appellant, v. BALTIMORE & OHIO RAILROAD CO., Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1988.   Decided November 22, 1948.

Herbert M. Eikenbary, Dayton, for plaintiff-appellant.
P. Eugene Smith, Dayton, for defendant-appellee.

### OPINION

By WISEMAN, PJ.

This is an appeal on questions of law from the Common Pleas Court of Montgomery County, Ohio, which directed a verdict for the defendant at the conclusion of the plaintiff's case.

Plaintiff-appellant assigns as error that the verdict was contrary to law and fact; that the verdict was against the

manifest weight of the evidence; and that the court erred in taking the case from the jury and directing a verdict for the defendant.

At about midnight on May 30, 1947, plaintiff, while driving his truck in a westerly direction on First Street in the City of Dayton, Ohio, was struck at a railroad crossing by a train operated by defendant company which approached the crossing from the south.

Plaintiff charges the defendant company with negligence in this, to wit: First, in not keeping a proper lookout for traveling vehicular traffic; second, in not lowering its gates or poles at the time and place and immediately prior to the accident; and in not sounding any bell, whistle, warning, toot, tinkle and without proper headlight.

Admitting the testimony to be true and every inference fairly deducible from it, which we are required to do, the plaintiff has failed to support his claim.

There was no evidence produced of sufficient weight on either of the three specific charges of negligence to require the defendant company to make defense. Assuming, without conceding, that there was some evidence of negligence on the part of defendant company, the evidence shows clearly that the plaintiff was guilty of contributory negligence. The evidence shows that the pole to the gate was down on the side of the street on which the plaintiff was traveling. There was a red lantern on the pole and there were several red lanterns to warn drivers that the street at the crossing was under repair. In order to make the crossing, the plaintiff drove from the right side to the left side of the street and drove his truck around the end of the pole. As the plaintiff approached the crossing he slowed down to a speed of about fifteen miles per hour, changed gears, and looked to the south for approaching trains. He testified that after looking to the south he saw no trains approaching, whereupon he started across the tracks and, upon hearing a bell, he stepped on the gas to accelerate the speed of his truck. The rear of the truck was struck by the engine operated by defendant company. The train was traveling at a slow rate of speed and stopped after the impact with the rear of the tender to the engine at the north side of the crossing. Both the plaintiff and the other occupant of the truck testified that when they got on the tracks they heard a bell; that the plaintiff drove over several tracks before being struck; that the plaintiff was driving at such a rate of speed that the truck could have been stopped within a few feet. The evidence clearly shows that the plaintiff and his guest looked to the south for approach-

ing trains when the plaintiff was a few feet east of the tracks, and that at this place, the plaintiff had a view of the tracks to the south for a distance of about four or five hundred feet. The plaintiff testified that as he drove across the tracks he heard a train whistle. There was a bright headlight on the engine.

Plaintiff testified that he was familar with the crossing; and as he approached the crossing he assumed the watchman was not on duty at that hour of the night. It is clear that the plaintiff did not rely on any warning from a watchman; neither did he heed any warning signal by reason of the pole being down on the right side of the street. Inasmuch as the plaintiff relied on his own observations, and ignored any warning signal given by reason of the pole being down, it makes no material difference if the pole was lowered because of the approaching train or had been down for sometime because of the street repair work.

The plaintiff was required to look and listen for approaching trains before attempting to drive over the crossing, and to look and listen at such time and place and in such a manner as to make the looking and listening effective. **D. T. & I. Rd. Co. v. Rohrs, 114 Oh St 493.** Without any question the train was near the crossing when the plaintiff started to cross and the plaintiff could have stopped his vehicle in time to avoid the accident. If plaintiff had looked he could have seen the approaching train in time to avoid the accident. The third paragraph of the syllabus in the Rohrs case applies with much force to the facts in this case. It reads as follows:

"A driver of a vehicle upon a highway cannot recover damages for an injury received in a collision at a steam railroad crossing, even though he testifies that he looked and listened and neither saw nor heard anything approaching on the railroad track before going upon the crossing, when the only conclusion that can reasonably be reached upon the evidence is that there is no doubt that had he looked he must have seen the danger, that was immediately at hand, in time to avoid the injury."

This proposition of law was adhered to in the following cases: **Woodworth v. Rd. Co., 149 Oh St 543; Patton v. Penna. Rd. Co., 136 Oh St 159; Penna. Rd. Co. v. Moses, 125 Oh St 621, 627; Penna. Rd. Co. v. Rusynik, 117 Oh St 530; C., C., C. & St. L. Ry. Co. v. Lee, 111 Oh St 391; The B & O Rd. Co. v. McClellan, 69 Oh St 142; C., C., C. & St. L. Ry. v. Elliott, 28 Oh St 340.** See also, **C., D. & M. Elec. Co. v. O'Day, 123 Oh St 638.**

The record discloses a state of facts from which reasonable minds could have reached only one conclusion upon all the evidence adduced, that the plaintiff was guilty of negligence as a matter of law which directly contributed to the proximate cause of his injury. The question was one of law and not of fact. The court properly directed a verdict for the defendant. Judgment affirmed.

MILLER and HORNBECK, JJ, concur.